UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MORGAN HOWARTH** <br><br> **Plaintiff,** <br> vs. <br><br> **NEED FOR BUILD, INC.,** <br> **HILA ALMOG, and DANNY ALMOG** <br><br> **Defendants** | CIVIL ACTION # **'25CV1209 BAS DDL** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Morgan Howarth, by and through his undersigned attorneys, respectfully alleges as follows for his complaint against Defendants Need for Build, Inc., Hila Almog, and Danny Almog.

**PARTIES**

1. Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is an individual residing in Gainesville, Virginia.

2. Defendant Need for Build, Inc. ("Defendant" or "NFB") is a California stock corporation company with its principal place of business in Poway, California. According to the California Secretary of State, Defendant NFB may be served through its registered agent, Margaret K. Young, at 12925 Pomerado Road, Suite H, Poway, California 92064.

3. Defendant Hila Almog ("Defendant" or "Hila Almog") is an individual believed to be living in La Jolla, California, and upon information and belief may be served at her place of residence at 2015 Avila Court, La Jolla, California 92037, or wherever she may be found.

4.   Defendant Danny Almog ("Defendant" or "Danny Almog") is an individual believed to be living in La Jolla, California, and upon information and belief may be served at his place of residence at 2015 Avila Court, La Jolla, California 92037, or wherever he may be found.

## NATURE OF THE CLAIMS

5.   This is an action for copyright infringement arising in connection with the unauthorized commercial exploitation of one of Plaintiff's photographs on Defendants' website.

## JURISDICTION AND VENUE

6.   This action arises under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

7.   This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendant may be found in this District.

## CONDITIONS PRECEDENT

8.   All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9.   Plaintiff Morgan Howarth is a highly regarded architectural photographer based in Virginia. Howarth utilizes a painstaking process combining multiple exposures for a rich distinctive result and is highly sought after for his work. Mr. Howarth's expansive client base includes, CBS, Timex, Sears, Cole Haan, *Home and Design Magazine*, Hilton Worldwide, *Modern Luxury Magazine*, and Marriott International.

10.     Defendant NFB is an interior and exterior remodeling company based in Poway, California. Upon information and belief, and according to records maintained by the California Secretary of State, Defendant Danny Almog serves as CEO and Hila Almog serves at CFO of Defendant NFB.[1]

11.     Howarth is the sole author and creator of the photo at issue in this action (the "Photo"), a copy of which is set forth below.



12.     The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-229-899, effective December 18, 2020. ("**Exhibit 1**").

13.     Defendants prominently featured the Photo on their website, as shown on the following page, without any authorization or license to do so.

---

[1] https://www.needforbuild.com/meet-the-team/



14. On January 28, 2025, Howarth placed Defendants on notice of their unauthorized use of the Photo and followed up several times in a good faith effort to resolve claims for copyright infringement. Although Defendants eventually removed the Photo, they otherwise ignored Plaintiff's communications, thereby compelling him to bring this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

15. Howarth realleges and incorporates herein the foregoing paragraphs.

16. By their actions alleged above, Defendants NFB, Danny Almog, and Hila Almog have infringed Howarth's copyrights in the Photo. Specifically, by copying, displaying distributing and otherwise exploiting the Photo on their website without consent, Defendants have infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and are liable therefor.

17. In addition, and/or in the alternative, upon information and belief, Defendants Danny Almog and Hila Almog are jointly and severally liable for any direct copyright infringement committed by Defendant NFB because they participated in the acts of infringement and/or because they were the dominant influence in the company and determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp. 3d 689, 693

(N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

18. Defendants' actions constituted willful infringement of Howarth's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Work was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights. For instance, Defendants' reckless failure to ensure that their use of the Photo was authorized strongly suggests Defendants' willful infringement. *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported finding of willfulness); *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant … recklessly disregarded the possibility" of infringement).

19. As a result of the foregoing, Howarth is entitled to actual damages, plus Defendants' profits; and/or statutory damages of up to $150,000 per work infringed by Defendants, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2: VICARIOUS INFRINGEMENT

19. Howarth realleges and incorporates herein the foregoing paragraphs.

20. In addition to, and/or in the alternative to direct infringement, Defendants Danny Almog, Hila Almog, and NFB are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the infringing activities of NFB's agents, contractors, and representatives (including the person or persons who placed the Photo on the website), and the practical ability to stop the infringement (by prohibiting the use of the Photo and/or removing the Photo); and because they had a direct financial interest in the infringing activities of the company's agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photo (which Defendants used to illustrate their services and induce visitors to use their

services), and the saved costs of properly licensing the work. *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

21.     Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use and display of the Photo required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

22.     As a result of the foregoing, Howarth is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## PRAYER

Plaintiff Howarth prays for:

A.      An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B.      For each work infringed by Defendants, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.      An award to Plaintiff of its reasonable costs and attorney's fees under 17 U.S.C. §§ 505;

D.      Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.      Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**

By: /s/ Neema Amini
    Neema Amini
    California Bar No. 296867
    2323 Lincoln Boulevard
    Santa Monica, California 90405
    t: (512) 222-6883
    f: (512) 900-7967
    neema@aminiconant.com

    and

    R. Buck McKinney (*to be admitted pro hac vice*)
    Texas Bar No. 00784572
    1204 San Antonio Street, Second Floor
    Austin, Texas 78701
    t: (512) 222-6883
    f: (512) 900-7967
    service@aminiconant.com
    buck@aminiconant.com

*Counsel for Plaintiff*